**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANA HARTMAN** | : | |
| 10550 Fairview Road | : | |
| Newark, Ohio 43056 | : | Civil Action No. 2:20-cv-4055 |
| | : | |
| **Plaintiff, for himself and all** | : | JUDGE |
| **others similarly situated,** | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | |
| **TECHSERV CONSULTING AND** | : | |
| **TRAINING, LTD.** | : | **Jury Demand Endorsed Hereon** |
| 12078 State Highway 64 W | : | |
| Tyler, TX 75704-6940 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHNNY RANDALL STAINES,** | : | |
| c/o TechServ Consulting and | : | |
| Training, Ltd. | : | |
| 12078 State Highway 64 W | : | |
| Tyler, TX 75704-6940 | : | |
| | : | |
| and | : | |
| | : | |
| **RANDALL WISENBAKER,** | : | |
| c/o TechServ Consulting and | : | |
| Training, Ltd. | : | |
| 12078 State Highway 64 W | : | |
| Tyler, TX 75704-6940 | : | |
| | : | |
| **Defendants**. | : | |

**COLLECTIVE ACTION COMPLAINT**

Now comes Plaintiff Dana Hartman ("Plaintiff"), on behalf of himself and all others

similarly situated, and proffers this Complaint for damages against Defendant TechServ

Consulting and Training, Ltd. ("TechServ"), Defendant Johnny Randall Staines, and Defendant Randall Wisenbaker (collectively referred to herein as "Defendants").

## NATURE OF SUIT

1.      Plaintiff, individually and on behalf of other members of the general public similarly situated, seeks to recover unpaid wages, including overtime wages, owed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and 28 U.S.C. §1331.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff Hartman entered into an employment relationship with Defendant in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## PARTIES

4.      Plaintiff Dana Hartman ("Plaintiff Hartman") is an individual and United States citizen.

5.      Plaintiff Hartman is a resident of the State of Ohio.

6.      Plaintiff Hartman started working for Defendants on or around March 31, 2014 and is currently employed by Defendants.

7.      During the course of his employment, Plaintiff Hartman has worked in a North American Electric Reliability Corporation – Critical Infrastructure Protection position, which is commonly referred to as a "NERC/CIP."

8.      Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and he has given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA.  Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b).  (*Consent to be a Party Plaintiff*, attached hereto as **Exhibit A**).

9.      Defendant TechServ Consulting and Training Ltd. ("TechServ") is a Texas limited liability company with its principal place of business in Tyler, Texas.

10.      Defendant Johnny Randall Staines is a resident of Texas and owns, in whole or in part, Defendant TechServ. Defendant Staines is also responsible for TechServ's business operations, including setting payroll policies and procedures.

11.      Defendant Randall Wisenbaker is a resident of Texas and owns, in whole or in part, Defendant TechServ. Defendant Wisenbaker is also responsible for TechServ's business operations, including setting payroll policies and procedures.

12.      Defendants are and have been an "employer" as that term is defined by the FLSA.

13.      During all relevant times herein, Defendant TechServ benefitted from the work performed by Plaintiff and those similarly situated.

14.      At all times relevant to this action, Defendant TechServ has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant TechServ constituted an enterprise engaged in commerce within the meaning of the FLSA.

15.      Upon information and belief, Defendant TechServ's employees were engaged in interstate commerce and Defendant TechServ had annual gross volume sales and/or business in an amount not less than $500,000.00.

3

16.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States.

17.     During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

18.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

**FACTUAL BACKGROUND**

19.     Defendant TechServ provides consulting and services to the utility industry.

20.     Defendant TechServ's biggest client/customer is American Electric Power ("AEP").

21.     Defendant TechServ employs TCRs to work on AEP projects. The TCRs are frequently on job sites to ensure that subcontractors are performing the work up to AEP standards. TCRs also make sure other aspects of the job run smoothly. TCRs are paid on an hourly basis and report their hours each week.

22.     AEP pays Defendant TechServ a set amount based on the number of hours worked by TCR employees.

23.     Defendant TechServ also employs NERC/CIPs to work on job sites. NERC/CIPs are responsible for monitoring entry to authorized-access-only buildings and sites in order to protect critical technology, electric systems, and assets. NERC/CIPs are paid on an hourly basis and report their hours each week.

24.     TCRs and NERC/CIPs are paid biweekly.

25.     TCRs and NERC/CIPs report their hours each week to TechServ and are paid on an hourly basis.

26.     TechServ employs (or contracts with) more than 160 TCRs and NERC/CIPs at any given time in multiple states throughout the country.

27.     TCRs and NERC/CIPs routinely work more than 40 hours in a workweek.

28.     At all relevant times, Plaintiff, the TCRs, and NERC/CIPs were required to travel to remote jobsites during their normal work hours to work on Defendants' construction projects in various different states. These remote jobsites were located hundreds of miles away from Plaintiff's, the TCRs', and NERC/CIPs' home communities. Plaintiff, the TCRs, and NERC/CIPs were required to stay overnight at these remote jobsites. Defendants paid Plaintiff, the TCRs, and NERC/CIPs a per diem to reimburse them for their lodging expenses.

29.     For example, Plaintiff Hartman, a resident of Ohio, worked in various locations, including Virginia. In or around September 2019, when assigned by Defendants to a project in Virginia, Plaintiff was required to drive from his home community in Ohio to Virginia and stay overnight at this remote jobsite. The drive from Ohio to Virginia took approximately five (5) hours to complete one way for a total of approximately ten (10) hours of drive time during the same workweek.

30.     On or around September 16, 2019, Defendants implemented a companywide policy of capping pay for travel time at (8) hours per work week, regardless of the actual time it took Plaintiff, the TCRs, and NERC/CIPs to get to the remote jobsites. Pursuant to that companywide policy, Defendants did not pay Plaintiff, the TCRs, and NERC/CIPs for all time spent traveling to and from their home communities during normal work hours to these remote jobsites in which an overnight stay was required. This policy and practice violates the FLSA.

31.     In addition, Defendants did not count the time Plaintiff, the TCRs, and NERC/CIPs, spent traveling to and from their home communities during normal work hours to these remote jobsites in which an overnight stay was required as hours worked for purposes of determining overtime eligibility. This policy and practice violates the FLSA.

32.     Furthermore, many times, Plaintiff, the TCRs, and NERC/CIPs, were required to travel from one remote jobsite to another remote jobsite. These remote jobsites were located up to hundreds of miles away from each other and from Plaintiff, the TCRs, and NERC/CIPs home communities. Plaintiff, the TCRs, and NERC/CIPs were required to stay overnight at these remote jobsites. Defendants paid Plaintiff, the TCRs, and NERC/CIPs a per diem to reimburse them for their lodging expenses.

33.     For example, in or around October 2019, Plaintiff Hartman was required to travel from a jobsite in Virginia to a jobsite in Tennessee. This job, like the others, required an overnight stay.

34.     On or around September 16, 2019, Defendants implemented a companywide policy of capping pay for travel time at (8) hours per work week, regardless of the actual time it took Plaintiff, the TCRs, and NERC/CIPs to travel between remote jobsites. Thus, if Plaintiff, the TCRs, and NERC/CIPs had already traveled eight (8) hours during the relevant workweek, Defendant did not pay Plaintiff, the TCRs, and NERC/CIPs for time spent traveling during normal working hours from one remote jobsite to another remote jobsite in which an overnight stay was required. This policy and practice violates the FLSA.

35.     In addition, Defendants did not count the time Plaintiff, the TCRs, and NERC/CIPs spent traveling during normal working hours from one remote jobsite to another remote jobsite in

which an overnight stay was required for purposes of determining overtime eligibility. This policy and practice violates the FLSA.

36.     It was common for similarly situated TCRs and NERC/CIPs to travel by car for 10-20 hours per week. However, the maximum Plaintiff, TCRs, and NERC/CIPs were paid after September 2019 was 8 hours per week.

37.     The FLSA requires employers to make, keep, and preserve records of the wages, hours, time of work, and other conditions and practices of employment, and to preserve such records.

38.     Defendants did not make, keep, or preserve accurate records of the hours worked by Plaintiff, the TCRs, and NERC/CIPs and to the extent records were not lawfully kept, Plaintiff, the TCRs, and NERC/CIPs are entitled to make reasonable estimates of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff brings his FLSA overtime claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class (the "FLSA Overtime Class").  The FLSA Overtime Class includes:

> **All TCRs and NERC/CIPS employed by Defendants who traveled to jobsites in which an overnight stay was required but for whom such travel time was neither paid nor counted as hours worked by Defendants for any workweek in which such travel time resulted in hours worked in excess of 40 in the same workweek at any time from September 16, 2019 through final disposition of this matter.**

40.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous SSPs have been denied proper compensation due to Defendants' payroll policies and

practices.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

41.     These SSPs are known to Defendants and are readily identifiable through Defendants' pay records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**FIRST CAUSE OF ACTION**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime**

42.     All of the preceding paragraphs are realleged as if fully rewritten herein.

43.     This claim is brought as part of a collective action by Plaintiff on behalf of himself and other Similarly Situated Persons – the FLSA Overtime Class.

44.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.

45.     During the three years preceding the filing of this Complaint, Defendants employed Plaintiff and the FLSA Overtime Class.

46.     Plaintiff and the FLSA Overtime Class were paid on an hourly basis.

47.     Defendants knew or should have known that the applicable pay structure violated the FLSA.

48.     During the past three years, Defendants have knowingly and willfully failed to pay Plaintiff and the FLSA Overtime Class an overtime premium for all hours worked over 40 in a workweek.

49.     As a direct and proximate result of Defendants' conduct, Plaintiff and the FLSA Overtime Class have suffered damages.  Plaintiff and the FLSA Overtime Class seek unpaid

compensation, liquidated damages, interest and attorneys' fees/costs, and all other remedies available, on behalf of themselves and all other SSPs.

## PRAYER FOR RELIEF

WHEREFORE, as to the First Cause of Action, Plaintiff and the FLSA Overtime Class demand relief from Defendants as follows: an award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred as a result of Defendants' violations, as well as equitable relief and a permanent injunction enjoining Defendants from further violating the FLSA.

Respectfully submitted,

/s/ *Kyle T. Anderson*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Kyle T. Anderson*
Kyle T. Anderson (0097806)